EUGENE G. IREDALE, ESQ. (SBN: 75292)
JULIA YOO, ESQ. (SBN 231163)
105 West F Street, 4th Floor
San Diego, CA 92101-6036
Tel: (619) 233-1525
Fax: (619) 233-3221
Attorneys for Plaintiff JOHNNY SILVA

FILED
08 MAY 21 PM 4:10
[CLERK U.S. DISTRICT COURT]
[SOUTHERN DISTRICT OF CALIFORNIA]

BY: ecl    DEPUTY

UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JOHNNY SILVA, an individual and minor, by and through his guardian ad litem, LUIS SILVA,

   Plaintiff,

v.

FRANKLIN WHITE, an individual,
WILLIAM LANDSDOWNE, an individual,
SAN DIEGO POLICE DEPARTMENT,
CITY OF SAN DIEGO, and DOES 1 - 20,

   Defendants.

Case No. 08 CV 0891 JAH POR

COMPLAINT FOR:

(1)  VIOLATION OF 42 U.S.C. 1983
(2)  ASSAULT AND BATTERY
(3)  FAILURE TO PROPERLY SCREEN AND HIRE
(4)  FAILURE TO PROPERLY TRAIN
(5)  FAILURE TO SUPERVISE AND DISCIPLINE
(6)  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(7)  NEGLIGENCE
(8)  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(9)  VIOLATION OF THE UNRUH ACT PURSUANT TO California Civil Code § 52.1
(10) VIOLATION OF FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS
(11) PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

JURY TRIAL IS HEREBY DEMANDED

COMES NOW, JOHNNY SILVA, an individual and minor, through his legal guardian LUIS SILVA, by his attorney of record, Eugene G. Iredale, and alleges and complains as follows:

## I.
## GENERAL ALLEGATIONS

1. Jurisdiction is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3) and (4), et. seq.

2. This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1367(a).

3. Venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in Oceanside, California, within the Southern District.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

5. Plaintiff has complied with Government Code §§ 800 *et seq*.

6. At all times relevant to this complaint, Plaintiff was an individual residing in San Diego County, California.

7. At all times relevant to this complaint, Defendant White was an individual residing in San Diego County, California.

8. At all times relevant to this complaint, Defendant William Landsdowne was the chief of San Diego Police Department and a policy-maker.

9. At all times relevant to this complaint, Defendant SAN DIEGO was a municipal corporation operating in San Diego County, California and operating the SAN DIEGO POLICE DEPARTMENT and employing Defendants Franklin White and Does, 1 through 20 who were acting within the scope of their employment.

10. Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 20, inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this

complaint once their identities have been ascertained as well as the facts giving rise to their liability.

## II.
## FACTS

11. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

12. On March 15, 2008, Plaintiff JOHNNY SILVA was a passenger in a car being driven by his mother, Rachel Silva, in Oceanside, California.

13. The car driven by Defendant White, an off-duty San Diego Police Officer, and that driven by Ms. Silva's car nearly collided.

14. The cars were at one point located the parking lot of Lowe's Home Improvement store on Old Grove Road in Oceanside, CA.

15. Ms. Silva and Defendant White came to a stop and the cars were side by side.

16. Ms. Silva criticized White for his erratic driving maneuver.

17. Plaintiff JOHNNY SILVA was sitting in the front seat of the car and could see Defendant White.

18. White pulled out his gun and pointed it directly at Johnny Silva..

19. White shot through the passenger window, striking Johnny in his left leg at the level of the knee.

20. White continued to fire four additional rounds into the car, as Rachel Silva drove her car in reverse, away from White. Two shots struck Rachel Silva in her right arm, one of them shattering the bone.

21. Rachel Silva was taken to Sharp Memorial Hospital and Johnny was taken to Children's Hospital for treatment.

22. Plaintiff JOHNNY SILVA had to undergo surgery to remove the bullet that was lodged in his leg.

///

## FIRST CAUSE OF ACTION
(Civil Rights Action (42 U.S.C. § 1983) Excessive Force against Defendant White and Does 1-20]

23. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

24. 42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

25. Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional and negligent infliction of emotional distress.

26. Plaintiff had a firmly established right to be free from excessive force being used against him; and to be free from the imposition of summary punishment without due process of law.

27. On March 15, 2008, Plaintiff JOHNNY SILVA was a passenger in a car and posed no threat to Defendant White when he used excessive force in shooting Plaintiff.

28. Defendant White was an off-duty police officer. White acted under color of state law in violating Johnny Silva's rights by shooting him and his mother. White was armed with a loaded, concealed firearm within his car. State law permitted White to carry this weapon only because of his status as a police officer. White identified himself as a police officer during the incident. He ordered Rachel Silva to turn off her car at one point, relying on his official status. White's actions were ratified by the San Diego Police Department, which provided a counselor to be with White during post-shooting questioning by the Oceanside Police Department. White's assault was made possible by the abuse of the position given to him by the state. It is believed that White shot Johnny Silva with the weapon provided for use as a police officer.

29. White was acting in purported compliance with a policy promulgated by the San

1  Diego Police Department, which provided that off-duty officers are peace officers, clothed with
2  authority of peace officers, and are permitted to exercise their police powers anywhere in the state,
3  whether they are off-duty or not. White's possession and carrying of a loaded firearm in his car
4  while off-duty was pursuant to a policy promulgated by the San Diego Police Department. White
5  purported to be acting as a peace officer in his conduct during the incident.

6      30.     During the relevant period, the defendant White was acting under color and
7  pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of
8  the State of California and the City of San Diego.

9      31.     Defendant White, acting under the color of statute, ordinances, regulations,
10 customs and usages of the State knew that shooting an unarmed 8-year old boy was illegal.

11     32.     Defendant White deprived Plaintiff of the rights, privileges and immunities secured
12 to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and the
13 laws of the United States.

14     33.     Plaintiff was subjected to humiliation, fear, physical injury, and pain and suffering
15 by the illegal acts of defendant White.

## SECOND CAUSE OF ACTION
**Assault and Battery against Defendant White and Does 1-20**

34.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

35.     The Defendant acted with an intent to cause harmful or offensive contact with the person of Plaintiff and the intended harmful or offensive contact did in fact occur.

36.     The harmful or offensive contact was not privileged nor consented to and was excessive, unreasonable and done with deliberate indifference to the rights and safety of Plaintiff and was done with the intent to inflict punishment, above and beyond the reason for using the force in the first place.

37.     As a result of the Defendant White's intent to cause harmful or offensive contact with the person of Plaintiff and the fact that the intended harmful or offensive contact did in fact

occur, Plaintiff has suffered damages according to proof at the time of trial. Said damages are currently in excess of the jurisdictional minimum of this court and include general and special damages according to proof at the time of trial.

## THIRD CAUSE OF ACTION
(Civil Rights Action (42 U.S.C. § 1983) Against Defendants
LANDSDOWNE, CITY OF SAN DIEGO AND THE DEPARTMENT and Does 1-20
For Failure to Properly Screen and Hire)

38. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

39. The defendants, San Diego, the Department, Landsdowne, their agents, servants and employees failed to adequately and properly screen and hire the defendant employees.

40. The failure of these defendants to properly screen and hire the defendant police officers as a matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the constitutional rights of plaintiff and done with conscious disregard for the dangers of harm and injury to the plaintiff and others similarly situated.

41. Due to the acts of the defendants, the failure to properly screen and hire police officers and the continued employment of the defendant police officers present a clear and present danger to the residents of the County of San Diego.

42. The lack of adequate screening and hiring practices by the defendants evince deliberate indifference to the rights of plaintiffs and others in their position.

43. These hiring practices led to the employment of defendant White, and caused the harms suffered by the plaintiff in this case.

44. As a result of Defendants actions, Plaintiff suffered physical and psychological injuries.

## FOURTH CAUSE OF ACTION
[Civil Rights Action (42 U.S.C. § 1983)
For Failure to Properly Train Against Defendants
LANDSDOWNE, CITY OF SAN DIEGO AND THE DEPARTMENT and Does 1-20]

45. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same

herein by this reference as if those paragraphs were set forth in full herein.

46. San Diego, the Department, and Landsdowne as a matter of custom, practice and policy, failed to maintain adequate and proper training for police officers in the department necessary to educate the officers as to the constitutional rights of citizens and arrestees; to prevent the consistent and systematic use of excessive force by off duty officers; and to prevent extra judicial punishment by officers.

47. Defendants failed to provide adequate training and supervision to police officers that hold the power, authority, insignia, equipment and arms entrusted to them. Defendants failed to promulgate and enforce adequate policies and procedures related to police misconduct, the violation of citizens' civil rights by off-duty police officers, and harassment and assault.

48. Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

49. The failure to promulgate or maintain constitutionally adequate training was done with deliberate indifference to the rights of plaintiffs and others in their position.

50. The constitutionally infirm lack of adequate training as to the officers in this case caused plaintiffs' damages.

51. As a result of Defendants actions, Plaintiff suffered physical and psychological injuries.

**FIFTH CAUSE OF ACTION**
**[Civil Rights Action (42 U.S.C. § 1983) For Failure to**
**Supervise and Discipline Against Defendants**
**LANDSDOWNE, CITY OF SAN DIEGO AND THE DEPARTMENT and Does 1-20]**

52. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

53. San Diego, the Department, and Landsdowne, as a matter of custom, practice and policy, failed to supervise police officers in the department to prevent, deter and punish the unconstitutional and excessive use of force.

54. Upon information and belief, the defendants knew or should have known of the

dangerous propensities of defendant White, but took no steps to train him, correct his abuse of authority, or discourage his unlawful use of authority.

55. To the contrary, defendants condoned and acquiesced in the abusive behavior of police officers by refusing to retrain them, discipline them, or correct their abusive behavior.

56. Defendants had knowledge of prior incidents of misconduct and civil rights violations by other police officers involving similar facts.

57. Defendants were, or should have been aware that the policy regarding supervision and discipline of officers who violated the civil rights of the citizens and commit assault and battery was so inadequate that it was obvious that a failure to correct it would result in further incidents of dangerous and lawless conduct perpetrated by its police officers.

58. The constitutionally deficient investigation and lack of discipline was done with deliberate indifference to the rights of plaintiff and others in their position.

59. The lack of adequate supervision and discipline caused plaintiff's damages.

60. As a result of Defendants' actions, Plaintiff suffered physical and psychological injuries.

## SIXTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress against All Defendants**

61. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

62. By engaging in the acts alleged herein, Defendant White engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

63. As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiff.

64. The conduct of Defendant White also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendant for the purpose of punishment and for the sake of example.

## SEVENTH CAUSE OF ACTION
### Negligence against All Defendants

65. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

66. Defendant had a duty to Plaintiff to act with ordinary care and prudence so as not to cause harm or injury to another.

67. By engaging in the acts alleged herein, the Defendant White failed to act with ordinary care and breached their duty of care owed to Plaintiff.

68. As a direct, proximate and foreseeable result of White's breach of his duty of care, Plaintiff suffered damages in an amount according to proof at the time of trial.

## EIGHTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress against All Defendants

69. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

70. By engaging in the acts alleged herein, the Defendant engaged in negligent conduct causing Plaintiff to suffer serious emotional distress.

71. As a direct, proximate and foreseeable result, Plaintiff suffered serious emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiff.

## NINTH CAUSE OF ACTION
### [California Civil Rights Violation (Section 52.1) against all defendants]

72. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

73. Plaintiff had a firmly established right to be free from excessive force under the Fourth Amendment through the Fourteenth Amendment to the United States Constitution.

74. The California Legislature has declared that it violates our state civil rights act for any person to interfere with the exercise or enjoyment by any individual of his rights secured by

the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion or attempted threats, intimidation or coercion.

75. The Defendants interfered with Plaintiff's rights under the First and Fourth Amendments of the United States Constitution by the use of force alleged above.

76. This interference with Plaintiff's rights was perpetrated by the Defendants in violation of section 52.1 and their right under the First, Fourth and Fourteenth Amendments to be free from excessive force under the Fourth Amendment through the Fourteenth Amendment to the United States Constitution.

77. Due to the violation of Plaintiff's rights by all Defendants, Plaintiff suffered economic damages and non-economic damages, including, but not limited to, emotional distress, pain and suffering, medical expenses and fear caused by the acts complained of herein according to proof at the time of trial.

78. Plaintiff is also entitled to the statutory civil penalties set forth in civil code section 52, attorneys' fees and costs of suit incurred herein.

79. The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of civil code section 3294 et seq. and punitive damages should be assessed against each non-municipal defendant for the purpose of punishment and for the sake of example. Defendant CITY OF SAN DIEGO and SAN DIEGO POLICE DEPARTMENT are liable for the acts of its officers as they have agreed with and or ratified the acts.

80. As a result of Defendants' actions, Plaintiff suffered physical and psychological injuries.

## TENTH CAUSE OF ACTION
### [Violation of Fourteenth Amendment Right to Due Process]

81. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

82. Defendants violated Plaintiff's Fourteenth Amendment right to substantive due process.

83. An off-duty police officer's shooting of an unarmed 8-year old boy is behavior that shocks the conscience constituting a substantive due process violation.

84. As a result of Defendants' actions, Plaintiff suffered physical and psychological injuries.

### ELEVENTH CAUSE OF ACTION
### [INJUNCTIVE RELIEF]

85. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

86. Plaintiff is informed and believes and thereon alleges that, unless enjoined, defendants will continue to engage in the unlawful acts and in the policies and practices described above, in violation of the legal and constitutional rights of the plaintiff and others who are similarly situated.

87. Plaintiff faces the real and immediate threat of repeated and irreparable injury and continuing, present adverse effects as a result of the unlawful misconduct, policies and practices of the defendants. Plaintiff has no adequate and complete remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment as follows:

1. Declaring, pursuant to 28 U.S.C. §§ 2201-2202 that the acts, policies, rules, regulations, practices, customs, and usages that the defendants engaged in as set forth in paragraphs above violate the legal and constitutional rights of the plaintiffs and other members of the community.

2. Permanently enjoining defendants and their agents, employees, and successors, and all persons in active concert or participation with defendants, from engaging in the unlawful and unconstitutional acts, policies, rules, regulations, practices, customs, and usages set forth in this Complaint

3.  Directing Defendants to set forth policies and procedures as may be necessary and proper with respect to the following:

   a.  Ensuring compliance with constitutional standards governing the use of firearms, the use of force the conduct of searches, and the use of deadly force.

   b.  Providing adequate training, certification, and periodic recertification of all officers in the lawful use of force, including firearms and other deadly force.

   c.  Specifying departmentally approved weaponless control techniques, and providing for adequate training, certification, and periodic recertification of all officers in the use of such techniques.

   d.  Providing adequate training, certification, and periodic recertification of all officers in the lawful use of force and effectuating arrest of citizens when they are off duty and training all officers in the limitations imposed by law on their off-duty conduct.

   e.  Regulating or restricting the carrying of loaded firearms by off-duty officers.

   f.  Establishing a system that allows an immediate on-duty supervisor to readily access a historical record of any officer who has used force in a period of at least the last 5 years, including the identity of the officer(s) involved in the use of force, the file number(s) of the report(s) in which the use of force is reported, and a description of the nature of the force used {e.g., "intentional head strike with baton"; "accidental head strike with flashlight"); requiring periodic review of such records for patterns of unjustified use of force by deputies and institution of disciplinary proceedings where appropriate; requiring review of such records whenever a supervisor prepares a departmental performance evaluation of any deputy; and requiring that performance evaluations include documentation of any patterns concerning the unjustified use of force.

   g.  Providing that, in any situation in which deadly force has been used by a deputy and death or serious injury has resulted, there shall be an administrative review of the use of force to determine whether il was in compliance with departmental policy and constitutional standards, and whether departmental policy should be modified in view of the circumstances surrounding the use of such force.

   h.  Requiring that, in investigations of officer-involved shootings, other use of deadly force by deputies, or complaints of deputy misconduct:

      (1)  all percipient witnesses (including deputies) be segregated from each other as soon as practicable after the incident;

  (2) such witnesses not be permitted to discuss the incident with any other witness until after all witnesses have been interviewed by departmental investigators;

  (3) such witnesses not be informed of the contents or substance of the statements of other witnesses until after all witnesses have been interviewed by departmental investigators

  (4) all witness interviews, including interviews of involved deputies, be fully and completely tape-recorded; and

  (5) prohibit the improper intervention of S.D.P.D. supervisory personnel in investigations by other jurisdictions of criminal conduct of S.D.P.D. off-duty officers.

i. Indexing by individual officer and maintaining files of complaints by members of the public, Cal. Govt, Code § 910 claims, and lawsuits concerning deputy misconduct; adequately investigating such complaints, claims, and lawsuits; and using this information to monitor the conduct of deputies.

j. Requiring periodic psychological testing and counseling of officers with a record of using unreasonable or excessive force, making false arrests, filing false charges, engaging in related acts of dishonesty, or engaging in racially motivated misconduct and psychological testing and evaluation of police personnel to allow for detection of psychiatric disorders relating to rage.

k. Maintaining a promotional system which penalizes officers for instances of unjustified use of firearms or unjustified use of force, violence, dishonesty, racial or ethnic bias, or other misconduct.

l. Requiring dismissal of officers repeatedly involved in instances of unjustified use of firearms or unjustified use of force, violence, dishonesty, racial or ethnic bias, or other misconduct.

m. Requiring that, where an investigation discloses any improper use of force by a deputy, particularly improper use of force which causes serious bodily injury as defined in Cal. Penal Code § 243, that matter should be referred to the District Attorney's Office for consideration of filing a criminal complaint.

n. Requiring that, whenever any officer has been judicially determined to have engaged in a violation of constitutional or civil rights, whenever a monetary settlement has been made or a judgment has been rendered based on the use of excessive force by a deputy, or whenever any arrest has been made as to which a deputy claims to be the victim of a crime:

  (1) a departmental investigation be conducted, regardless of any earlier investigation or the findings thereof;

  (2) the investigators review all evidence introduced at trial or provided to them by any person, and that they interview all known witnesses including plaintiffs trial experts, and interview plaintiffs counsel in any lawsuit alleging officer misconduct;

  (3) a full report be made to the Chief with recommendations for or against disciplinary or criminal sanctions against the officer.

4. Entering judgment for compensatory general and special damages in an amount in accordance with proof.

5. Entering judgment for exemplary damages against each of the individual defendants in an amount sufficient to punish and to make an example of said defendants, and to deter said defendants and others from engaging in similar conduct.

6. Awarding reasonable attorney's fees, expenses, and costs of suit.

7. Granting such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

DATED: May 21, 2008        Respectfully submitted,

EUGENE G. IREDALE
Attorney for Plaintiff
JOHNNY SILVA
105 West F st.
San Diego, CA 92101
(619) 233-1525

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
JOHNNY SILVA, by and through his guardian ad litem Luis Silva

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Eugene G. Iredale, 105 West F Street, Fourth Floor, San Diego, CA

**DEFENDANTS**
Franklin White, William Landsdowne, San Diego Police Dept. City of San Diego and DOES 1-20

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'08 CV 0891 JAH POR

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☒ 440 Other Civil Rights | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983
Brief description of cause:
Deprivation of 4th Amendment right to be free from official excessive force, battery, assault

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 05/21/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 15177   AMOUNT 350.—   APPLYING IFP   JUDGE   MAG. JUDGE
5/21/08



```
            UNITED STATES
            DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

          # 151177     - SR
          * * C O P Y * *
             May 21, 2008
               16:10:57


           Civ Fil Non-Pris
     USAO #.: 08CV0891 CIV. FIL.
     Judge..: JOHN A HOUSTON
     Amount.:              $350.00 CK
     Check#.: BC#1678



          Total-> $350.00



     FROM: SILVA V. WHITE, ET AL
           CIVIL FILING
```