MICHAEL J. AGUIRRE, City Attorney
DONALD F. SHANAHAN, Deputy City Attorney
California State Bar No. 49777
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Telephone: (619) 533-5800
Facsimile: (619) 533-5856

Attorneys for Defendants
City of San Diego, San Diego Police Department,
William Lansdowne and Franklin White

FILED

2008 JUL 17 PM 4:24

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ______ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ORIGINAL

JOHNNY SILVA, an individual and minor, by and through his guardian ad litem, LUIS SILVA,

Plaintiff,

v.

FRANKLIN WHITE, an individual, WILLIAM LANSDOWNE, an individual, SAN DIEGO POLICE DEPARTMENT, CITY OF SAN DIEGO, and DOES 1 - 20,

Defendants.

CITY OF SAN DIEGO, a Municipal Corporation, SAN DIEGO POLICE DEPARTMENT, WILLIAM LANSDOWNE, FRANKLIN WHITE,

Third Party Plaintiffs/ Cross-complainants,

v.

RACHEL SILVA, and ROES 1 to 50, inclusive.

Third Party Defendant/ Cross-Defendants.

Case No. 08cv0891 JAH (POR)

**THIRD PARTY COMPLAINT/CROSS-COMPLAINT FOR NEGLIGENCE AND DAMAGES BY CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, WILLIAM LANSDOWNE, FRANKLIN WHITE AGAINST THIRD PARTY DEFENDANT/CROSS-DEFENDANT**

Third Party Plaintiffs/Cross-complainants, CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, WILLIAM LANSDOWNE, and FRANKLIN WHITE (CITY DEFENDANTS), for causes of action against Third Party Defendant/Cross-defendant, RACHEL SILVA, alleges as follows:

## GENERAL ALLEGATIONS

**I**

Jurisdiction is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. section 1331, 28 U.S.C. section 1367(a), and Rule 14(a) of Federal Rules of Civil Procedure.

**II**

CITY OF SAN DIEGO, is now and at all times herein was a charter city, organized and existing under the laws of the State of California. SAN DIEGO POLICE DEPARTMENT is a department within the CITY. WILLIAM LANSDOWNE and FRANKLIN WHITE are employees of said CITY.

**III**

At all times relevant to this Complaint, Third Party Defendant/Cross-Defendant, RACHEL SILVA (hereinafter "SILVA"), was an individual residing in San Diego, California.

**IV**

The true names or capacities, whether individual, corporate or associate, or otherwise, of, Roes 1 through 50, are unknown to CITY DEFENDANTS who, therefore, sues said Cross-defendants by such fictitious names and will ask leave to amend this Third Party Complaint/Cross-Complaint to show their true names and capacities when the same have been ascertained.

## FACTS

**V**

On March 15, 2008, Third Party Defendant/Cross-Defendant, RACHEL SILVA, was the driver of a silver Honda with her son, JOHNNY SILVA, as a passenger.

**VI**

At approximately 9:00 p.m. on March 15, 2008, Third Party Defendant/Cross-Defendant SILVA was exiting a driveway and attempted to enter southbound traffic on Old Grove Road, Oceanside, California, and did so in a careless and reckless manner.

/ / /

VII

Third Party Defendant/Cross-Defendant SILVA's callous and reckless actions nearly caused an accident with two vehicles, one of which was driven by off-duty San Diego Police Officer, FRANKLIN WHITE.

VIII

Third Party Defendant/Cross-Defendant SILVA followed Officer White into a shopping mall parking lot off of Old Grove Road in a reckless and careless manner endangering the physical well-being of her son, JOHNNY SILVA.

IX

After tailing Officer WHITE's vehicle in an unsafe manner, Third Party Defendant/Cross-Defendant SILVA pulled along side Officer WHITE's vehicle and acted in a hostile, aggressive, and irrational manner.

X

Third Party Defendant/Cross-Defendant SILVA backed her car up a short distance and then pulled along side Officer WHITE's vehicle a second time and began yelling, screaming, and acting in a bizarre fashion.

XI

Officer WHITE identified himself as a police officer. Third Party Defendant/Cross-Defendant SILVA ignored Officer WHITE and continued to act in a disturbing manner.

XII

Officer WHITE reversed his vehicle, which placed his vehicle to the rear of Third Party Defendant/Cross-Defendant SILVA.

XIII

Officer WHITE then attempted to exit his vehicle in order to copy the license plate of Third Party Defendant/Cross-Defendant SILVA's vehicle. In direct response, Third Party Defendant/Cross-Defendant SILVA immediately placed her vehicle in reverse, towards Officer WHITE's car, striking it in the process.

///

**XIV**

Because of Third Party Defendant/Cross-Defendant SILVA's action, Officer WHITE's life, as well as that of his wife, was in danger and he fired several shots at Third Party Defendant/Cross-Defendant SILVA's vehicle, one of which struck Plaintiff, JOHNNY SILVA.

**XV**

At all pertinent times, Third Party Defendant/Cross-Defendant SILVA was under the influence of opiates, methamphetamines, marijuana, and alcohol.

**XVI**

Because of Third Party Defendant/Cross-Defendant SILVA's actions, she exposed Plaintiff, JOHNNY SILVA, to a dangerous situation, causing the complained-of injuries.

**FIRST CAUSE OF ACTION**

**(Declaratory Relief)**

**XVII**

CITY DEFENDANTS are informed and believe and thereon allege that Cross-defendants sued herein as Roes 1 through 50 are in some manner responsible for the events and happenings referred to in said Cross-Complaint and are liable to CITY DEFENDANTS as hereinafter alleged.

**XVIII**

CITY DEFENDANTS are informed and believe, and based upon said information and belief allege that Cross-defendants were the agents or employees, co-venturers, partners, or in some manner agents or principal acting within the course and scope of said agency or employment.

**XIX**

Without admitting the truth thereof, JOHNNY SILVA, an individual and minor, by and through his guardian ad litem, LUIS SILVA, has filed an action, the principal action herein, alleging *inter alia*, that CITY DEFENDANTS wrongfully caused injury and damages to JOHNNY SILVA. CITY DEFEDNANTS herein refer to JOHNNY SILVA's Complaint which is attached hereto as Exhibit "A" and is incorporated herein by reference.

**XX**

CITY DEFENDANTS have denied, and continue to deny any liability arising out of JOHNNY SILVA's Complaint. If, however, it is found that CITY DEFENDANTS are responsible under law to JOHNNY SILVA for any of the allegations contained in his Complaint, then CITY DEFENDANTS are informed and believe, and upon such information and belief allege that the negligence, or other wrongful or tortious conduct, in whole or in part of RACHEL SILVA contributed to the happening of the incidents alleged in JOHNNY SILVA's Complaint and caused said JOHNNY SILVA's damages.

**XXI**

CITY DEFENDANTS contend that the acts of RACHEL SILVA in some percentage contributed to the damages described by JOHNNY SILVA in his Complaint. CITY DEFENDANTS therefore contend that they are entitled to indemnity so that liability is ultimately assessed among the parties in direct proportion to the percentage of fault attributable to the conduct of CITY DEFENDANTS.

**XXII**

A dispute has arisen and an actual controversy exits between CITY DEFENDANTS and RACHEL SILVA, in that CITY DEFENDANTS are entitled to total and/or partial indemnity, equitable indemnity, apportionment, and contribution from Cross-defendants and whereas CITY DEFENDANTS are informed and believe that Cross-defendant denies such obligations.

**XXIII**

CITY DEFENDANTS are informed and believe, that a judicial determination is necessary and proper to determine the rights of CITY DEFENDANTS and the respective duties of RACHEL SILVA and Cross-Defendants in connection with the matters alleged in JOHNNY SILVA's Complaint and this Third Party Complaint/Cross-Complaint. It is appropriate for this court to make such a declaration of rights because no adequate remedy at law exists.

/ / /

/ / /

/ / /

**SECOND CAUSE OF ACTION**

**(Indemnity)**

**XXIV**

Third Party Plaintiffs/Cross-complainants refer to its First Cause of Action and incorporates the same herein by reference as fully set forth herein and makes it a part thereof.

**XXV**

CITY DEFENDANTS are informed and believe, and on such information and belief allege that an actual controversy exists between CITY DEFENDANTS and RACHEL SILVA as to whether CITY DEFENDANTS are entitled to full or partial indemnity.

**XXVI**

Third Party Plaintiffs/Cross-complainants are informed and believe, and on such information and belief allege that Third Party Defendant/Cross-defendant SILVA breached her duty to act with ordinary care toward Plaintiff. As a direct, proximate, and foreseeable result of Third Party Complaint/Cross-Complaint SILVA's breach of duty of care, Plaintiff suffered damages as complained.

**XXVII**

Third Party Plaintiffs/Cross-complainants are informed and believes RACHEL SILVA's negligence caused the damages complained of and described by JOHNNY SILVA in his Complaint. RACHEL SILVA's negligence was the sole and proximate cause of plaintiff's alleged damages.

**THIRD CAUSE OF ACTION**

**(Negligence)**

**XXVIII**

Third Party Plaintiffs/Cross-complainants refer to its First and Second Causes of Action and incorporate the same herein by reference as fully set forth herein and makes it a part thereof.

**XXIX**

Third Party Plaintiffs/Cross-complainants are informed and believe, and on such information and belief allege that Third Party Defendant/Cross-defendant SILVA breached her

duty to act with ordinary care toward Plaintiff. As a direct, proximate, and foreseeable result of Third Party Complaint/Cross-Complaint SILVA's breach of duty of care, Plaintiff suffered damages as complained.

**XXX**

Third Party Plaintiffs/Cross-complainants are informed and believes RACHEL SILVA's negligence caused the damages complained of and described by JOHNNY SILVA in his Complaint. RACHEL SILVA's negligence was the sole and proximate cause of plaintiff's alleged damages.

**XXXI**

CITY DEFENDANTS allege that as a direct and legal cause of said carelessness and negligence of the part of RACHEL SILVA, the CITY DEFENDANTS were damaged in an amount to be DETERMINED AT TRIAL.

WHEREFORE, Cross-complainant prays judgment as follows:

1. For a declaration that the negligence of Third Party Defendants/Cross-defendants contributed in some percentage to the damages alleged by Plaintiff and a determination of the percentage by which the negligence of Third Party Defendants/Cross-defendants contributed to the damages of the Plaintiff;

2. For a declaration of the rights and obligations as between CITY and Third Party Defendants/Cross-defendants to RACHEL SILVA in the event that CITY is held liable to JOHNNY SILVA in this action;

3. For reasonable damages in a sum to be determined at trial;

4. For attorney's fees incurred;

5. For such other and further relieve as the Court may deem proper.

Dated: July 17, 2008

MICHAEL J. AGUIRRE, City Attorney

By Donald F. Shanahan

Donald F. Shanahan
Deputy City Attorney

Attorneys for Defendants
City of San Diego, San Diego Police Department, William Lansdowne, and Franklin White

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
2008 JUL 17 PM 4:24
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

JOHNNY SILVA, etc.
Plaintiff,

v.

CITY OF SAN DIEGO, et al.,
Defendants.

Case No.: 08cv0891 JAH (POR)

DECLARATION OF SERVICE

ORIGINAL

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the individuals on the service list attached hereto the following documents: **SUMMONS ON THIRD PARTY COMPLAINT; AND THIRD PARTY COMPLAINT/CROSS-COMPLAINT FOR NEGLIGENCE AND DAMAGES BY CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, WILLIAM LANSDOWNE, FRANKLIN WHITE AGAINST THIRD PARTY DEFENDANT/CROSS-DEFENDANT,** in the following manner: (Check one)

1)___ By personally serving the individual named by personally delivering the copies to the offices of the addressee.

Time of delivery: ___________ a.m./p.m.

2)___ By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing copies (first class mail, postage prepaid) to the person served at the place where the copies were left.

3)___ By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing copies (first class mail, postage prepaid) to the person served at the place where the copies were left.

4) XX By placing a copy in a sealed envelope and placing it for collection and mailing with the United States Postal Service this same day, at my address shown above, following ordinary business practices.

Executed: July 17, 2008, at San Diego, California.

____________________
SHELLEY CARTER

**SERVICE LIST:**

Eugene Iredale, Esq.
Julia Yoo, Esq.
105 West F Street, 4th Floor
San Diego, CA 92101-6036
(619) 233-1525
*Attorney for Plaintiff*

(619) 233-3221 Fax
*Attorney for Plaintiff*