MICHAEL PANCER, ESQ. (SBN: 043602)
105 West F Street, 4th Floor
San Diego, CA 92101-6036
Tel: (619) 236-1826
Fax: (619) 233-3221
Attorney for Plaintiff RACHEL SILVA

UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY SILVA, an individual and minor, by and through his guardian ad litem, LUIS SILVA,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN WHITE, an individual, WILLIAM LANDSDOWNE, an individual, SAN DIEGO POLICE DEPARTMENT, CITY OF SAN DIEGO, and DOES 1 - 20,<br><br>Defendant. | Case No. 08 CV 0891 JAH (POR)<br><br>NOTICE OF MOTION TO DISMISS THIRD PARTY COMPLAINT<br><br>Date: October 20, 2008<br>Time: 2:30 p.m. |
| CITY OF SAN DIEGO, a Municipal Corporation, SAN DIEGO POLICE DEPARTMENT, WILLIAM LANDSDOWNE, FRANKLIN WHITE,<br><br>Third Party Plaintiffs/<br>Cross-Complainants,<br><br>v.<br><br>RACHEL SILVA, and ROES 1 TO 50, inclusive,<br><br>Third Party Defendant/<br>Cross-Defendants. | |

## NOTICE

PLEASE TAKE NOTICE that, upon the accompanying memorandum of points and authorities in support of this motion to dismiss and all other papers and proceedings herein and such argument as may be presented to the Court should the Court decide to hear this matter, the undersigned will move before the Honorable John A. Houston, United States District Judge, in Courtroom 11 of the United States District Court for the Southern District of California, pursuant to Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure, dismissing the first cause of action of the Defendants' Cross-Complaint herein on the grounds that it fails to state a claim upon which relief can be granted and granting such other and further relief as may be just and proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

COMES NOW, RACHEL SILVA, by her attorney of record, Michael Pancer, and pursuant to Fed. R. Civ. P. 12(b)(6) and moves for a dismissal of the first cause of action of the Defendants' Third Party Complaint with prejudice, and as grounds therefore state as follows:

## I. INTRODUCTION

This is a case that stems from Defendant White's shooting of Plaintiff, Johnny Silva, who was nine-years old at the time. Third party defendant, Rachel Silva, and her son, Johnny Silva, were sitting in Ms. Silva's car at the time. Defendant White emptied the chamber of his gun into the car as the Silvas were driving away from White, striking Ms. Silva twice and Johnny Silva once. Defendant White and his co-defendants have sued Rachel Silva claiming that it was her negligence that caused the injury to Johnny Silva. Defendants' first cause of action is for declaratory relief, asking this Court to make a "judicial determination" as to the "rights of City Defendants and the respective duties of Rachel Silva." They allege that "it is appropriate for this court to make such a declaration of rights because no adequate remedy at law exists."

## II.
## STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) if it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). This Court accepts the well-pleaded factual allegations as true and draws all reasonable inferences in favor of the Plaintiff. *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 983 (9th Cir. 1999). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged. However, dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police,* 897 F.2d 368 (9th Cir. 1990).

Pursuant to Fed. R. Civ. P. 8(a)(2), the complaint itself must demonstrate plaintiff is entitled to relief under each claim raised. A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley*, 355 U.S. 41, 47-48, (1957); *Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998).

## III. ARGUMENT

Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Here, the cross-complaint fails to comply with F.R.Civ.P. 8(a)(2), to provide fair notice of claims against Rachel Silva, and to demonstrate the basis under which the defendants are entitled to relief in their claim for

declaratory relief.

Under their First Cause of Action, Defendants allege the following:

1. Rachel Silva is "in some manner responsible for the events and happenings referred to in said Cross-complaint..." [*See* Third Party Complaint, at ¶17];
2. That Defendants deny any liability, but if they are found to be liable, that "negligence, or other wrongful or tortious conduct, in whole or in part of Rachel Silva contributed to the happening of the incidents..."" [*See* Third Party Complaint, at ¶20];
3. "A dispute has arisen and actual controversy exists between City Defendants and Rachel Silva, in that City Defendants are entitled to total and/or partial indemnity, equitable indemnity, apportionment, and contribution from Cross-defendants and whereas City Defendants are informed and believe that Cross-defendant denied such obligation" [*See* Third Party Complaint, at ¶22]
4. "City defendants are informed and believe that a judicial determination is necessary and proper to determine the rights of City Defendant and the respective duties of Rachel Silva and Cross-defendants in connection with the matters alleged in Johnny Silva's Complaint and this Third Party Complaint/Cross-Complaint. It is appropriate for this court to make such a declaration of rights because no adequate remedy at law exists. [*See* Third Party Complaint, at ¶23]

It is unclear under what basis Defendants seek a declaratory relief. Defendants' claim against Ms. Silva is that she was negligent and yet claims there is no adequate remedy at law. Plaintiff, Johnny Silva, is seeking monetary damages, and presumably, Defendants are seeking an off-set. This is a classic jury issue.

The complaint makes an overbroad, vague statement that Ms. Silva is "in some manner responsible." The complaint fails to allege with any particularity why Defendants are entitled to a declaratory judgement. Defendants request as their remedy that this Court declare "that the

negligence of [Ms. Silva] contributed in some percentage to the damages...” and request a declaration of the rights and obligations between City and Ms. Silva. Even in rare cases where the standard of care is left to the determination of the Court, it has long been held that questions of fact or whether a party breached that duty are left to a jury. “The judge took this question (whether parties exercised due care and diligence) from the jury and decided it in favor of the defendant. We are of opinion that in this the court erred. We do not decide here that the defendant was negligent. We think there was evidence on which that question should have been left to the jury. We think it should still be left to a jury.” *Nat'l Bank v. City Bank*, 103 U.S. 668, 671 (1881).

The trier of fact ordinarily determines whether the defendant breached the standard of care, causation, and the amount of damages, if any. Whether a party’s conduct constituted a breach of his legal duty to use due care and whether that breach proximately caused the plaintiff's injuries are questions of fact for the trier of fact. *See West v. United States*, 617 F. Supp. 1015, 1017 (1985) citing *City of San Jose v. Superior Court*, 166 Cal. App. 3d 695, 702 (1985).

Declaratory relief in this case against Ms. Silva is wholly inappropriate. “We have recognized the general rule that monetary relief is legal.” *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, “In actions at law, issues that are proper for the jury must be submitted to it ‘to preserve the right to a jury's resolution of the ultimate dispute,’ as guaranteed by the Seventh Amendment.” *Markman* v. *Westview Instruments, Inc.,* 517 U.S. 370, 377 (1996).

“In suits sounding in tort for money damages, questions of liability were decided by the jury, rather than the judge, in most cases. This allocation preserved the jury's role in resolving what was often the heart of the dispute between plaintiff and defendant.” *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 719 (1999). Such is the case here where the Defendants are requesting Ms. Silva to pay for the monetary damages owed to Johnny Silva. Because the complaint fails to satisfy F.R.Civ.P. 8(a)(2) requirements, it must be dismissed as to the Defendant’s request for declaratory relief.

## IV. CONCLUSION

In conclusion, and for all of the foregoing reasons, Rachel Silva respectfully moves this Court for an Order dismissing Defendants' first cause of action in the Cross-Complaint with prejudice, and for all other and further relief as this Court deems just and appropriate.

DATED: August 11, 2008

Respectfully submitted,

s/ Michael Pancer

MICHAEL PANCER
Attorney for Defendant
RACHEL SILVA
105 West F st.
San Diego, CA 92101
(619) 236-1826

**Case No. 08-CV-0891-JAH-POR**
**Michael Pancer, Esq.**
**105 W. "F" St., 4th Floor**
**San Diego, CA 92101**
**Phone: 619-236-1826**
**Fax: 619-233-3221**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I am employed in the County of San Diego, State of California. I am a citizen of the United States and am over the age of 18 and not a party to the within action. My business address is 105 W. "F" St., 4th Fl., San Diego, California 92101. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

On August 11, 2008, I served the foregoing document described as **"RACHEL SILVA'S NOTICE OF MOTION TO DISMISS THIRD PARTY COMPLAINT"** in this action by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following:

**Eugene G Iredale**
egiredale@yahoo.com,grace.s.jun@gmail.com

**Donald F Shanahan**
dshanahan@sandiego.gov,slcarter@sandiego.gov

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 11, 2008, at San Diego, California.

Candy Ruthven

Candy Ruthven